UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61644-CIV-HUCK/O'SULLIVAN

WESTPORT INSURANCE
CORPORATION

    Plaintiff,
vs.

LAW OFFICES OF GERALD J.
LINDOR, P.A., a Florida
Professional Association,
GERALD JEAN-MARIE LINDOR,
Individually, JOSCELYN E.
PASSLEY and HERMA E.
PASSLEY, Husband and Wife,
and ATTORNEY's
TITLE INSURANCE FUND, INC.

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Answer by Lindor, P.A. and Lindor (D.E. #42). The Court has reviewer the Motion, all pertinent portions of the record, and is otherwise duly advised.

On January 22, 2009, a Default Judgment was entered in this case against the Law Offices of Gerald J. Lindor, P.A. and Gerald Jean-Marie Lindor (D.E. #36). On February 2, 2009, Gerald Lindor filed an Answer in this case on behalf of himself and the Law Offices of Gerald J. Lindor P.A. (D.E. #41). As an initial matter, partnerships or association cannot appear for themselves personally, but must be represented by licensed counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Defendant Gerald Jean-Marie Lindor was disbarred by Order of the Florida Supreme Court on July, 3, 2008. *The Florida Bar v. Lindor*, 987 So.2d 1211 (Fla. 2008). Defendant Gerald Lindor is no longer a licensed attorney, and therefore may not represent Lindor P.A. in this matter. Accordingly, the Answer is stricken as to the Law Offices of Gerald J. Lindor, P.A.

Once the Default Judgment was entered, if either Lindor or Lindor, P.A. wished to file an Answer, both were required to file motions, pursuant to Rule 55(c), Federal Rules of Civil Procedure, demonstrating good cause for the Court to set aside the Default Judgment and allow them leave to then file their Answers. *See, e.g.*, *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) ("Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that 'for good cause shown the court may set aside an entry of default.'"). Defendants Lindor and Lindor, P.A. have made no such motions in this case, thus their jointly filed Answer of February 2, 2009 is not properly of record and therefore stricken. *See United States v. Foust Distilling Co.*, 36 F.R.D. 92, 94 (M.D. Pa. 1960).

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that the Plaintiff's Motion to Strike Answer by Lindor, P.A. and Lindor (D.E. #42) is GRANTED.

DONE AND ORDERED in Chambers, Miami, Florida, this March 17, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Honorable John J. O'Sullivan
All Counsel of Record
Gerald Jean-Marie Lindor, *pro se*