UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61644-CIV-HUCK/O'SULLIVAN

WESTPORT INSURANCE
CORPORATION

      Plaintiff,
vs.

LAW OFFICES OF GERALD J.
LINDOR, P.A., a Florida
Professional Association,
GERALD JEAN-MARIE LINDOR,
Individually, JOSCELYN E.
PASSLEY and HERMA E.
PASSLEY, Husband and Wife,
and ATTORNEY's
TITLE INSURANCE FUND, INC.

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT AGAINST JOSCELYN E. PASSLEY AND HERMA E. PASLEY

This matter is before the Court on Plaintiff's Motion for Final Summary Judgment (D.E. #37). The Court has considered the Motion, the Passleys' Response, Plaintiff's Reply, the arguments made by counsel at the March 12, 2009 hearing on this matter, all other pertinent parts of the record, and is duly advised in the premises. For the reasons stated in open court at the March 12, 2009 hearing and those set forth below, Plaintiff's Motion is granted.

## BACKGROUND

Plaintiff, Westport Insurance Corporation, filed an action for declaratory judgment to determine whether it is responsible for coverage and a duty to defend under the Lawyers Professional Liability Insurance Policy it issued to the Law Offices of Gerald J. Lindor, P.A. for a policy period running from October 5, 2007 through October 5, 2008.

On June 11, 2008, Defendants Lindor and Lindor P.A. provided Westport with notice that a claim had been filed against them by Joscelyn Passley and Herma E. Passley alleging

misappropriation of loan closing funds by Lindor and Lindor P.A.  The Passleys allege that Lindor and Lindor P.A. failed to deliver $471,238.10 given to Lindor and Lindor P.A. on August 10 and 13, 2007 for the purpose of paying off their loan with their loan servicing agent.[1]  The Passleys now face foreclosure of their home due to Lindor not paying these funds.

The Florida Supreme Court disbarred defendant Gerald Lindor on July 3, 2008.  In his sworn Guilty Plea submitted to the Florida Supreme Court, Defendant Gerald Lindor stated that he manipulated and misappropriated client funds totaling approximately three million dollars, and that such transgressions were ongoing over the course of the preceding ten years.  (Guilty Plea, D.E #1, Exhibit D.)  In his Examination Under Oath, Defendant Gerald Lindor admitted that while the initial mishandling of funds was due to a negligent act on his part, by the time he received the Passleys' funds on August 10 and 13, 2007, he was aware that he was not using the Passleys' funds in the manner and purpose for which he was entrusted with them.  (Examination Under Oath of Defendant Gerald Lindor, D.E. #40.)

Westport filed this Motion for Summary Judgment arguing that, although it may have provided Lindor and Lindor P.A. with a Lawyers Professional Liability Insurance Policy, the policy specifically excludes from coverage any losses (1) arising out of any intentional, criminal, dishonest, malicious, or fraudulent act, error or omission; (2) attributable to any conversion, misappropriation, or improper commingling of funds; and (3) resulting from any wrongful act occurring prior to the effective date of the policy ("known loss").  Westport further argues that there are no material facts in dispute prohibiting the Court from ruling on Westport's obligation to cover the Passleys' claim.  Accordingly, Westport argues that the Court should enter an order granting final summary judgment in Westport's favor, ruling that Westport has no duty to defend against or cover the claim raised by the Passleys.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue is

---

[1] These allegations are taken from the Passleys' Cross Claim against Lindor and Lindor P.A. in the related state court action, attached to Westport's Complaint, D.E. #1.

"material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex,* 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.

Further, while the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

## ANALYSIS

Westport's argument in support of its Motion for Summary Judgment is that the Passleys' claim is not covered by the Insurance Policy.[2] Westport directs the Court to three paragraphs under the "Exclusions" section of the Insurance Policy—Section III, paragraphs F, G, and L—which exclude from coverage losses occurring under certain conditions. (*See* D.E. #1, Exhibit "A".)

1.   Paragraphs F & L

Paragraph F of the Exclusions section of the Insurance Policy provides that the policy "shall not apply to any claim based upon, arising out of, attributable to, or directly or indirectly resulting from . . . any intentional, criminal, dishonest, malicious, or fraudulent . . . act, error, [or] omission . . . ." Paragraph L of the Exclusions section of the Insurance Policy provides that the policy "shall not apply to any claim based upon, arising out of, attributable to, or directly or indirectly resulting from . . . any conversion, misappropriation or improper commingling of funds . . . ." Under Florida

---

[2] Because the Court concludes that the Insurance Policy does not provide coverage for the Passleys' claim, the Court does not reach the question of whether the Passleys are innocent third-party beneficiaries of the Insurance Policy. For the purposes of this Order, the Court assumes—but does not decide—that the Passleys would be innocent third-party beneficiaries were coverage available.

law, when policy exclusions are unambiguous, courts must enforce them according to their plain meaning. *See Deni Assocs. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1139 (Fla. 1998). Florida courts have consistently found that similar exclusions based on fraudulent, dishonest, intentional, or criminal acts valid an enforceable. *See*, *e.g.*, *Estate of Bombolis v. Continental Cas. Co.*, 740 So. 2d 1229 (4th DCA 1999); *Old Republic Ins. Co. v. W. Flagler Assocs.*, 419 So. 2d 1174, 1175 (3d DCA 1982).

There is no doubt that the Passleys' claim against Lindor and Lindor P.A. arises from the intentional, dishonest, and fraudulent acts of Defendant Lindor through his misappropriation and commingling the Passleys funds. In his Guilty Plea to the Florida Supreme Court, Lindor admitted that he misappropriated client funds over the course of a ten-year period. (Guilty Plea, D.E #1, Exhibit D, ¶ 2.) Lindor also admitted that he intentionally used the Passleys' funds in a manner and purposes inconsistent with the Passleys' wishes, and that he deposited the Passleys' money into his trust account, but then used the money to pay other obligations. (Examination Under Oath of Defendant Gerald Lindor, D.E. #40.) In their affidavits submitted to the Court, both Mr. And Mrs. Passley concede that Lindor and Lindor P.A. misappropriated their funds. (D.E. # 45, 46, ¶ 4.) And, when questioned by the Court at the March 12, 2009 hearing, counsel for the Passleys agreed that the Passleys were not contesting that they were the victims of a fraud perpetrated by Lindor and Lindor P.A.

Accordingly, because the Passleys' claim against Lindor and Lindor P.A. arises from the intentional, dishonest, and fraudulent acts of Defendant Lindor, involving the misappropriation and improper commingling of funds, the Insurance Policy provides no coverage to Lindor or Lindor P.A. for the Passleys' claim.[3]

---

[3] As stated in footnote 2 above, because the Court determines that there is no coverage for the Passleys' claim in the first instance, the Court need not reach the "innocent third-party beneficiaries" argument raised by the Passleys. The Court does note, however, that the case relied on by the Passleys to support their argument—*Everglades Marina, Inc. v. Am. E. Dev. Corp.*, 374 So. 2d 517 (Fla. 1979)—is not applicable to the present dispute. In *Everglades Marina*, the issue was whether "the public policy as established by the laws of Florida prohibit third-party beneficiaries of an insurance policy from recovery of benefits because the loss was intentionally caused by criminal acts of the insured *when the insurance policy contains no express clause excluding such liability*." *Id.* at 518 (emphasis added). Here, however, there are

  2. Paragraph G

The Insurance Policy also excludes from coverage " any claim based upon, arising out of, attributable to, or directly or indirectly resulting from . . . any wrongful act occurring prior to the effective date of [the Insurance policy] . . . if the Insured at the effective of [the Insurance policy] knew or could have reasonably foreseen that such wrongful act might be expected to be the basis of a claim . . . " ("known loss").  (D.E. #1, Exhibit "A," § III, ¶ G.)  Coverage under the Insurance Policy commenced on October 5, 2007.  (Declaration of Christine M. Chin, D.E. #39, not disputed by the Passleys.)  Lindor acknowledged that for some ten years he had knowingly misappropriated his clients' funds, and he further acknowledged that he knew in September of 2007 that there was not enough money in his trust account to cover the full amount of the payment he was obligated to make on the Passleys' behalf.  (Examination Under Oath of Defendant Gerald Lindor, D.E. #40, p. 43; Westport's Statement of Undisputed Material Facts, D.E. 38, ¶¶ 17, 18, not disputed by the Passleys.)

This history of Lindor's misappropriation of client funds, coupled with his knowledge that the Passleys' funds were not used for the purpose of which they were provided, forms the basis of the very type of wrongful act that Lindor "knew or could have reasonably foreseen . . . might be expected to be the basis of a claim."  Because this wrongful act occurred prior to the October 5, 2007 effective date of the Insurance Policy, pursuant to section III, paragraph G of the Insurance Policy, Lindor and Lindor P.A. are not covered by Westport against the Passleys' claim.

## CONCLUSION

In sum, the Court finds that there are no disputed material facts that Passleys' claim arises from the intentional, dishonest, and fraudulent acts of Defendant Lindor, involving the misappropriation and improper commingling of the Passleys' funds.  Additionally, the Court finds that there are no disputed material facts that Passleys' claim constitutes a "known loss" under the Insurance Policy.  Therefore, pursuant to the exclusion provisions of the Insurance Policy, section III, paragraphs F, G, and L, the Court finds that Westport has no duty to cover the Passleys' claim.  Accordingly, it is hereby

---

express clauses excluding liability.

ORDERED AND ADJUDGED that Westport's Motion for Final Summary Judgment (D.E. #37) is GRANTED.

DONE and ORDERED, in Chambers, Miami, Florida, this March 18, 2009.

/s/ Paul C. Huck
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge O'Sullivan
All counsel of record
Gerald Jean-Marie Lindor, *pro se*